ams

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KARLA SATTERLEE,                     )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        Case No. 05-4022-JAR
                                     )
ALLEN PRESS, INC.,                   )
                                     )
            Defendant.               )
_____  )

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's Objection to Costs Taxed (Doc. 67) and Motion for Extension of Time to Object Out of Time (Doc. 69.)  As described more fully below, the Court denies plaintiff's motion for leave to object out of time.  Even if the Court were to consider the objection, however, the Court would overrule and deny and uphold the clerk's award of costs .

### *Background*

On July 31, 2006, the Court entered a Memorandum and Order granting defendant's motion for summary judgment on the merits of plaintiff's federal claims and declining to exercise supplemental jurisdiction over the state law claims ("July 31 Order").[1]  The Court subsequently denied plaintiff's motion for reconsideration.[2]  Plaintiff appealed.  On April 17, 2008, the Tenth Circuit Court of Appeals filed an Order and Judgment affirming the Court's

---

[1](Doc. 44.)

[2](Doc. 52.)

dismissal of plaintiff's federal claims.

Soon after the mandate was issued, defendant filed a Bill of Costs in the total amount of $2465.53;[3] plaintiff objected and defendant filed a response.  On August 5, 2008, the Clerk of the Court taxed costs in the amount of $2245.53 against plaintiff.[4]  On August 15, 2008, plaintiff filed an objection to the bill of costs, which the Court assumes was intended to be a motion to retax costs pursuant to Rule 54.1(a).  Defendant responded, objecting that it was filed out of time and that the costs taxed were proper.  Plaintiff then filed a motion for extension of time to object out of time, claiming that she should be allowed to file her objection outside the five-day deadline due to a calendaring error.

*Discussion*

Under Fed. R. Civ. P. 54(d), costs should be allowed to the "prevailing party" unless a federal statute, rule, or court order provides otherwise.  The clerk may tax costs and "[o]n motion served within the next 5 days, the court may review the clerk's action."[5]  Plaintiff did not seek review of the clerk's action in this case within five days.  "A party's failure to file a motion for review of costs with the district court within the five-day period constitutes a wavier of the right to challenge the award."[6]  The fact that plaintiff failed to file her motion within five days of the award of costs is reason enough to deny plaintiff's objection.

Even if the Court considers the substantive issues raised in plaintiff's objection, it would

---

[3](Doc. 61.)

[4]The amount was reduced for certain court reporter's fees for CD-roms and postage.

[5]*See also* D. Kan. R. 54.1.

[6]*Bloomer v. UPS*, 338 F.3d 1220, 1221 (10th Cir. 2003).

deny plaintiff's request for relief.  Plaintiff first urges that because the Court dismissed her state law claims on jurisdictional grounds, defendant should not be considered the "prevailing party" and suggests that defendant was the prevailing party only in a "technical" or "nominal" sense. Costs are presumptively awarded to the prevailing party.[7]  "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)."[8]  Judgment was entered on August 2, 2006 in defendant's favor; therefore, under this standard defendant was the prevailing party.  When the prevailing party is only "partially successful" or when neither side entirely prevailed, or when both sides prevailed, some courts have denied costs.[9]  None of these circumstances are present here.  Defendant prevailed on the merits of all federal claims, a decision upheld on the merits by the Court of Appeals.  The fact that her state law claims were dismissed because this Court declined to exercise supplemental jurisdiction does not represent "partial success" by plaintiff, nor does it render defendant's prevailing party status technical or nominal.  Even if the issues that plaintiff may bring in a separate state law claim are identical to the underlying claims in this case, "this fact does not preclude Defendant from collecting costs as the prevailing party in this litigation."[10]

Next, plaintiff maintains that certain fees awarded by the clerk are not recoverable pursuant to 28 U.S.C. § 1920.  Plaintiff correctly notes that fees for transcripts may be taxed when they are "necessarily obtained for use in the case."[11]  Necessity means, "a showing that the

---

[7]*Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001).

[8]*Id.*

[9]*Id.*

[10]*Caddell v. Citibank, Del.*, No. 04-2403-KHV-DJW, 2006 WL 2398701, at *2 (D. Kan. Aug. 10, 2006).

[11]28 U.S.C. § 1920(2).

materials were used in the case and served a purpose beyond merely making the task of counsel and the trial judge easier."[12]  Plaintiff makes the novel argument that defendant's decision to purchase transcripts of depositions taken by plaintiff of defendant's witnesses was not "necessary."  Plaintiff argues that defendant "had any and all information from such witnesses available without depositions" and suggests that defendant should have simply retrieved the same information through affidavits.  The Court finds this position untenable.  Under the appropriate definition of necessity, the Court finds that the deposition transcripts were appropriately taxed, as they were all submitted to the Court on summary judgment.[13]

Finally, plaintiff claims that some of the fees for copies of defendant's medical records were inappropriately taxed because they were not used in connection with the summary judgment motion.  Defendant urges that while these records were not submitted on summary judgment, they were reasonably necessary for use in the case and would have been used had the case gone to trial.  The Court agrees that such evidence was reasonably necessary for use in this case.

> It would . . . be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.[14]

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for

---

[12]*Seyler v. Burlington N. Santa Fe Corp.*, No. 99-2342-KHV, 2006 WL 3772312, at *2 (D. Kan. Dec. 20, 2006) (citing *U.S. Indus. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988)); *see also Callicrate v. Farmland Indus.*, 139 F.3d 1336, 1340 (10th Cir. 1998).

[13]*See* Doc. 43; *Callicrate*, 139 F.3d at 1340 ("the most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court.").

[14]*Callicrate*, 139 F.3d at 1340

Extension of Time to Object Out of Time (Doc. 69) is **denied** and Objection to Costs Taxed

(Doc. 67) is **overruled and denied**.


Dated: November 14,  2008                          S/ Julie A. Robinson
                                                   JULIE A. ROBINSON
                                                   UNITED STATES DISTRICT JUDGE